<table>
<tr><td colspan="2"><strong>Fill in this information to identify the case:</strong></td></tr>
<tr><td colspan="2">United States Bankruptcy Court for the:</td></tr>
<tr><td>__Southern__ District of __Texas__<br>(State)</td></tr>
<tr><td>Case number (if known): _____ Chapter __11__</td></tr>
</table>

☐ Check if this is an amended filing

Official Form 201

# Voluntary Petition for Non-Individuals Filing for Bankruptcy    06/24

**If more space is needed, attach a separate sheet to this form. On the top of any additional pages, write the debtor's name and the case number (if known). For more information, a separate document, *Instructions for Bankruptcy Forms for Non-Individuals*, is available.**

| | | |
|---|---|---|
| 1. **Debtor's name** | Jervois Suomi Holding Oy | |
| 2. **All other names debtor used in the last 8 years**<br><br>Include any assumed names, trade names, and *doing business as* names | ShelCo 202 Oy<br>Jervois Suomi Oy | |
| 3. **Debtor's federal Employer Identification Number (EIN)** | N/A | |

| 4. **Debtor's address** | **Principal place of business** | **Mailing address, if different from principal place of business** |
|---|---|---|
| | PL 286<br>Number   Street | Number   Street |
| | | P.O. Box |
| | Kokkola          67101<br>City         State   ZIP Code | City         State   ZIP Code |
| | | **Location of principal assets, if different from principal place of business** |
| | Finland<br>County | Number   Street |
| | | City         State   ZIP Code |

| 5. **Debtor's website (URL)** | https://jervoisfinland.com/ |
|---|---|

Debtor  Jervois Suomi Holding Oy
_____
Name                                    Case number (*if known*)_____

**6. Type of debtor**

☑ Corporation (including Limited Liability Company (LLC) and Limited Liability Partnership (LLP))

☐ Partnership (excluding  LLP)

☐ Other. Specify: _____

**7. Describe debtor's business**

A. *Check one:*

☐ Health Care Business (as defined in 11 U.S.C. § 101(27A))

☐ Single Asset Real Estate (as defined in 11 U.S.C. § 101(51B))

☐ Railroad (as defined in 11 U.S.C. § 101(44))

☐ Stockbroker (as defined in 11 U.S.C. § 101(53A))

☐ Commodity Broker (as defined in 11 U.S.C. § 101(6))

☐ Clearing Bank (as defined in 11 U.S.C. § 781(3))

☑ None of the above

B. *Check all that apply:*

☐ Tax-exempt entity (as described in 26 U.S.C. § 501)

☐ Investment company, including hedge fund or pooled investment vehicle (as defined in 15 U.S.C. § 80a-3)

☐ Investment advisor (as defined in 15 U.S.C. § 80b-2(a)(11))

C. NAICS (North American Industry Classification System) 4-digit code that best describes debtor. See http://www.uscourts.gov/four-digit-national-association-naics-codes .

<u>2</u>  <u>1</u>  <u>2</u>  <u>2</u>

**8. Under which chapter of the Bankruptcy Code is the debtor filing?**

*Check one:*

☐ Chapter 7

☐ Chapter 9

☑ Chapter 11. *Check **all** that apply:*

☐ Debtor's aggregate noncontingent liquidated debts (excluding debts owed to insiders or affiliates) are less than $3,024,725 (amount subject to adjustment on 4/01/25 and every 3 years after that).

☐ The debtor is a small business debtor as defined in 11 U.S.C. § 101(51D). If the debtor is a small business debtor, attach the most recent balance sheet, statement of operations, cash-flow statement, and federal income tax return or if all of these documents do not exist, follow the procedure in 11 U.S.C. § 1116(1)(B).

☐ The debtor is a small business debtor as defined in 11 U.S.C. § 101(51D), and it chooses to proceed under Subchapter V of Chapter 11.

☑ A plan is being filed with this petition.

☑ Acceptances of the plan were solicited prepetition from one or more classes of creditors, in accordance with 11 U.S.C. § 1126(b).

☐ The debtor is required to file periodic reports (for example, 10K and 10Q) with the Securities and Exchange Commission according to § 13 or 15(d) of the Securities Exchange Act of 1934. File the *Attachment to Voluntary Petition for Non-Individuals Filing for Bankruptcy under Chapter 11* (Official Form 201A) with this form.

☐ The debtor is a shell company as defined in the Securities Exchange Act of 1934 Rule 12b-2.

☐ Chapter 12

**9. Were prior bankruptcy cases filed by or against the debtor within the last 8 years?**

If more than 2 cases, attach a separate list.

☑ No

☐ Yes.  District _____  When _____  Case number _____
                                          MM / DD / YYYY

            District _____  When _____  Case number _____
                                          MM / DD / YYYY

| Debtor | Jervois Suomi Holding Oy | Case number (if known) |
|---|---|---|
| | Name | |

**10. Are any bankruptcy cases pending or being filed by a business partner or an affiliate of the debtor?**

List all cases. If more than 1, attach a separate list.

☐ No

■ Yes.  Debtor    See Schedule 1       Relationship    Affiliate

        District    Southern District of Texas     When    01/28/2025

                                                           MM / DD / YYYY

        Case number, if known _____

**11. Why is the case filed in *this* district?**

*Check all that apply:*

☐ Debtor has had its domicile, principal place of business, or principal assets in this district for 180 days immediately preceding the date of this petition or for a longer part of such 180 days than in any other district.

■ A bankruptcy case concerning debtor's affiliate, general partner, or partnership is pending in this district.

**12. Does the debtor own or have possession of any real property or personal property that needs immediate attention?**

■ No

☐ Yes. Answer below for each property that needs immediate attention. Attach additional sheets if needed.

     **Why does the property need immediate attention?** *(Check all that apply.)*

     ☐ It poses or is alleged to pose a threat of imminent and identifiable hazard to public health or safety.

        What is the hazard? _____

     ☐ It needs to be physically secured or protected from the weather.

     ☐ It includes perishable goods or assets that could quickly deteriorate or lose value without attention (for example, livestock, seasonal goods, meat, dairy, produce, or securities-related assets or other options).

     ☐ Other _____

     **Where is the property?** _____

                                          Number       Street

                                          City                                   State ZIP Code

     **Is the property insured?**

     ☐ No

     ☐ Yes. Insurance agency _____

            Contact name _____

            Phone _____

---

**Statistical and administrative information**

---

**13. Debtor's estimation of available funds**

*Check one:*

■ Funds will be available for distribution to unsecured creditors.

☐ After any administrative expenses are paid, no funds will be available for distribution to unsecured creditors.

**14. Estimated number of creditors**

| | | |
|---|---|---|
| ☐ 1-49 | ■ 1,000-5,000 | ☐ 25,001-50,000 |
| ☐ 50-99 | ☐ 5,001-10,000 | ☐ 50,001-100,000 |
| ☐ 100-199 | ☐ 10,001-25,000 | ☐ More than 100,000 |
| ☐ 200-999 | | |

---

Debtor  Jervois Suomi Holding Oy
_____
Name

Case number (if known) _____

| | | | |
|---|---|---|---|
| **15. Estimated assets** | ☐ $0-$50,000<br>☐ $50,001-$100,000<br>☐ $100,001-$500,000<br>☐ $500,001-$1 million | ☐ $1,000,001-$10 million<br>☐ $10,000,001-$50 million<br>☐ $50,000,001-$100 million<br>■ $100,000,001-$500 million | ☐ $500,000,001-$1 billion<br>☐ $1,000,000,001-$10 billion<br>☐ $10,000,000,001-$50 billion<br>☐ More than $50 billion |
| **16. Estimated liabilities** | ☐ $0-$50,000<br>☐ $50,001-$100,000<br>☐ $100,001-$500,000<br>☐ $500,001-$1 million | ☐ $1,000,001-$10 million<br>☐ $10,000,001-$50 million<br>☐ $50,000,001-$100 million<br>■ $100,000,001-$500 million | ☐ $500,000,001-$1 billion<br>☐ $1,000,000,001-$10 billion<br>☐ $10,000,000,001-$50 billion<br>☐ More than $50 billion |

---

### Request for Relief, Declaration, and Signatures

**WARNING** -- Bankruptcy fraud is a serious crime. Making a false statement in connection with a bankruptcy case can result in fines up to $500,000 or imprisonment for up to 20 years, or both. 18 U.S.C. §§ 152, 1341, 1519, and 3571.

**17. Declaration and signature of authorized representative of debtor**

The debtor requests relief in accordance with the chapter of title 11, United States Code, specified in this petition.

I have been authorized to file this petition on behalf of the debtor.

I have examined the information in this petition and have a reasonable belief that the information is true and correct.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on  01/28/2025
MM / DD / YYYY

✗ *Bryce Crocker*
Signature of authorized representative of debtor

Bryce Crocker
Printed name

Title  Director

**18. Signature of attorney**

✗ *Duston McFaul*
Signature of attorney for debtor

Date  1/28/2025
MM / DD / YYYY

Duston K. McFaul
Printed name
Sidley Austin LLP
Firm name
1000        Louisiana Street, Suite 5900
Number      Street
Houston                                              Texas        77002
City                                                 State        ZIP Code
713-495-4500                                         dmcfaul@sidley.com
Contact phone                                        Email address

24003309                                             Texas
Bar number                                           State

## Schedule 1

### Pending Bankruptcy Cases Filed by Debtor and Affiliates of Debtor

On the date hereof, each of the affiliated entities listed below, including the debtor in this chapter 11 case, filed a voluntary petition for relief under chapter 11 of title 11 of the United States Code in the United States Bankruptcy Court for the Southern District of Texas (the **"Court"**). A motion will be filed with the Court requesting that the chapter 11 cases of the entities listed below be consolidated for procedural purposes only and jointly administered, pursuant to Rule 1015(b) of the Federal Rules of Bankruptcy Procedure, under the case number assigned to the chapter 11 case of Jervois Global Limited.

|   | Debtor | Tax ID # |
|---|--------|----------|
| 1 | Jervois Texas, LLC | 33-3029514 |
| 2 | Jervois Global Limited | N/A |
| 3 | Jervois Suomi Holding Oy | N/A |
| 4 | Jervois Finland Oy | N/A |
| 5 | Jervois Americas LLC | 46-1998097 |
| 6 | Jervois Japan Inc. | N/A |
| 7 | Formation Holdings US, Inc. | 26-3470103 |
| 8 | Jervois Mining USA Limited | 88-0241323 |

**Fill in this information to identify the case:**

Debtor name ___Jervois Suomi Holding Oy___

United States Bankruptcy Court for the: Southern ___ District of ___Texas___
(State)

Case number (If known): _____

☐ Check if this is an amended filing

## Official Form 204

## Chapter 11 or Chapter 9 Cases: List of Creditors Who Have the 30 Largest Unsecured Claims and Are Not Insiders

12/15

A list of creditors holding the 30 largest unsecured claims must be filed in a Chapter 11 or Chapter 9 case. Include claims which the debtor disputes. Do not include claims by any person or entity who is an *insider*, as defined in 11 U.S.C. § 101(31). Also, do not include claims by secured creditors, unless the unsecured claim resulting from inadequate collateral value places the creditor among the holders of the 30 largest unsecured claims.

| | Name of creditor and complete mailing address, including zip code | Name, telephone number, and email address of creditor contact | Nature of the claim (for example, trade debts, bank loans, professional services, and government contracts) | Indicate if claim is contingent, unliquidated, or disputed | Amount of unsecured claim If the claim is fully unsecured, fill in only unsecured claim amount. If claim is partially secured, fill in total claim amount and deduction for value of collateral or setoff to calculate unsecured claim. | | |
|---|---|---|---|---|---|---|---|
| | | | | | Total claim, if partially secured | Deduction for value of collateral or setoff | Unsecured claim |
| 1 | Millstreet Credit Fund LP 200 Park Avenue New York, New York 10166 | Paul Hastings, Counsel Representation P: (212) 318-6445 F: erezailad@paulhastings.com | Unsecured Noteholder | | | | $27,412,857.14 |
| 2 | ███████ | ████ ███ | Trade Debt | | | | $1,090,119.00 |
| 3 | Umicore Finland Oy Kobolttiaukio 1 Kokkola, 67101 Finland | Anu Malmi P: F: anu.malmi@eu.umicore.com | Trade Debt | | | | $547,229.05 |
| 4 | Varma Keskinäinentyöeläkevakuu Annankatu 18 Varma, 98 Finland | Customer service P: +358 10 192 100 F: | Trade Debt | | | | $220,136.52 |
| 5 | Ernst & Young LLP 200 Plaza Drive Secaucus, New Jersey 07094 | Paden A Stephens P: +1 256 749 0999 F: paden.stephens@ey.com | Professional Services | | | | $80,080.00 |
| 6 | SAP Australia Pty Ltd Level 13, 1 Denison Street Sydney, NSW 2060 Australia | Maria Andal P: +61 2 9935 4500 F: m.andal@sap.com | Trade Debt | | | | $76,833.65 |
| 7 | Small Mine Development LLC 967 E Parkcenter Blvd, PMB 396 Boise, Idaho 83706 | Lee Kellogg P: 208-338-8880 F: lkellogg@undergroundmining.com | Trade Debt | | | | $76,032.04 |
| 8 | Lounea Yritysratkaisut Oy Rantakatu 14-16 Kokkola, 67100 Finland | Timo Kainu P: +358 40 077 1528 F: timo.kainu@lounea.fi | Trade Debt | | | | $67,522.03 |

Debtor    Jervois Suomi Holding Oy
          _____
          Name

Case number *(if known)*_____

| | Name of creditor and complete mailing address, including zip code | Name, telephone number, and email address of creditor contact | Nature of the claim (for example, trade debts, bank loans, professional services, and government contracts) | Indicate if claim is contingent, unliquidated, or disputed | Amount of unsecured claim If the claim is fully unsecured, fill in only unsecured claim amount. If claim is partially secured, fill in total claim amount and deduction for value of collateral or setoff to calculate unsecured claim. | | |
|---|---|---|---|---|---|---|---|
| | | | | | Total claim, if partially secured | Deduction for value of collateral or setoff | Unsecured claim |
| 9 | Ernst & Young Oy Alvar Aallon Katu 5 C Helsinki, 100 Finland | P: 358 20 7280190 F: nordicbilling@ey.com | Professional Services | | | | $62,378.93 |
| 10 | SGS North America Inc. Natural Resources 4665 Paris ST St Denver, Colorado 80239 | Laura Olson P: F: Laura.Olson@sgs.com | Trade Debt | | | | $59,890.15 |
| 11 | Suomen Unipol Oy Kaurapellontie 8 Espoo, 2610 Finland | Markku Ekholm P: 3.5850040073e+11 F: markku.ekholm@unipol.fi | Trade Debt | | | | $59,246.86 |
| 12 | Accon Suomi Oy Vasarakuja 19 Kokkola, 67700 Finland | Petri Laasanen P: +358 400 833 611 F: petri@acconsuomi.fi | Trade Debt | | | | $57,773.09 |
| 13 | Oy Backman-Trummer Ab Pl 49, Satamatullintie 5 Kokkola, 67900 Finland | Johan Smedjebacka P: +358 40 537 2290 F: johan.smedjebacka@backman-trummer.fi | Trade Debt | | | | $55,602.81 |
| 14 | Ernst & Young 8 Exhibition Street Melbourne, VIC 3000 Australia | Brad Pollock P: 1800 308 433 F: Accounts.Receivable@au.ey.com | Professional Services | | | | $51,975.00 |
| 15 | Työllisyysrahasto PI 191 Helsinki, 120 Finland | Customer service P: +358 75 757 0500 F: vakuutusmaksut@tyollisyysrahasto.fi | Trade Debt | | | | $50,475.51 |
| 16 | Tietoevry Tech Services Finland Oy Keilalahdentie 2-4 Espoo, 2150 Finland | Olli-Pekka Järviranta P: F: Olli-Pekka.jarviranta@tietoevry.com | Trade Debt | | | | $48,017.54 |
| 17 | Intelex Technologies 70 University Ave, Suite 800 Toronto, Ontario M5J 2M4 Canada | Rashad Aljunied P: +1 877 932 3747 F: rashad.aljunied@intelex.com | Trade Debt | | | | $41,919.77 |
| 18 | Blue Cross of Idaho PO Box 6948 Boise, Idaho 83707 | P: 208-345-4550 F: | Trade Debt | | | | $35,170.72 |
| 19 | Idaho Power Co PO Box 34966 Seattle, Washington 98124-1966 | P: 208-388-2323 F: | Trade Debt | | | | $34,788.51 |

Debtor ___Jervois Suomi Holding Oy_____     Case number (if known)_____
        <sub>Name</sub>

| | Name of creditor and complete mailing address, including zip code | Name, telephone number, and email address of creditor contact | Nature of the claim (for example, trade debts, bank loans, professional services, and government contracts) | Indicate if claim is contingent, unliquidated, or disputed | Amount of unsecured claim If the claim is fully unsecured, fill in only unsecured claim amount. If claim is partially secured, fill in total claim amount and deduction for value of collateral or setoff to calculate unsecured claim. | | |
|---|---|---|---|---|---|---|---|
| | | | | | Total claim, if partially secured | Deduction for value of collateral or setoff | Unsecured claim |
| 20 | **Freja Transport & Logistics Oy** Linnankatu 90 Turku,  20100 Finland | P: +358 20 712 9830 F: info@freja.fi | Trade Debt | | | | $32,927.31 |
| 21 | **Control Systems Technology** 5471 S Heyrend Idaho Falls, Idaho 83402-5385 | Shauna Larson P: 208-523-2796 F: dwareing@controlsys.com | Trade Debt | | | | $31,699.50 |
| 22 | **Tecalemit Flow Oy** Tiilitie 6 Vantaa,  1720 Finland | Kim Viitala P: +358 29 006 5857 F: kim.viitala@tecaflow.fi | Trade Debt | | | | $31,325.48 |
| 23 | **Western States Equipment** 3760 N Reserve St Missoula, Montana 59808 | Jason Calson P: 800-852-2287 F: jason.calson@wseco.com | Trade Debt | | | | $30,868.17 |
| 24 | ███████████████ | ███████████████ | Trade Debt | | | | $29,189.85 |
| 25 | **Sumitomo Warehouse Kobe** Hyogo Kobe,  650-0033 Japan | Mr. Shunsuke Mogi P: +81 7 8393 3604 F: mogi.shunsuke@sumitomo-soko.co.jp | Trade Debt | | | | $28,522.99 |
| 26 | **Kemianteollisuus Ry** Eteläranta 10 Helsinki,  131 Finland | P: +358 9 172 841 F: katja.teerimaki@kemianteollisuus .fi | Trade Debt | | | | $25,743.51 |
| 27 | **Energy Laboratories Inc** Department 6250,  PO Box 4110 Woburn, Massachusetts 01888-4110 | Account Dept P: 406-869-7270 F: accounts@energylab.com | Trade Debt | | | | $25,381.10 |
| 28 | **Accountor Hr Solutions Oy** Hallituskatu 16 A Tampere,  33200 Finland | P: +358 20 7425 400 F: laskutus@accountorhr.fi | Trade Debt | | | | $25,258.28 |
| 29 | **Kokkolan Energiaverkot Oy** Varastotie 3 Kokkola,  67100 Finland | Tapio Järvinen P: F: tapio.jarvinen@kokkolanenergia.f i | Trade Debt | | | | $23,781.86 |
| 30 | **Professional Cleaning Svcs** Ristisuonraitti 16 Pietarsaari, 68600 Finland | Maria Friberg P: +358 40 4889454 F: maria.friberg@pcs.fi | Trade Debt | | | | $21,442.38 |

# IN THE UNITED STATES BANKRUPTCY COURT

## FOR THE SOUTHERN DISTRICT OF TEXAS

In re:

JERVOIS SUOMI HOLDING OY,

Debtor.

Chapter 11

Case No. 25-____ (___)

## **LIST OF EQUITY SECURITY HOLDERS**

| Name and Address of Equity Holders | Percentage of Equity Held |
|---|---|
| Jervois Global Limited<br>Suite 2.03, 1-11 Gordon Street,<br>Cremorne, Victoria, 3121, Australia | 100% |

**Fill in this information to identify the case and this filing:**

Debtor Name  Jervois Suomi Holding Oy

United States Bankruptcy Court for the: Southern         District of Texas
                                                                    (State)

Case number (*If known*): _____

---

Official Form 202

## Declaration Under Penalty of Perjury for Non-Individual Debtors          12/15

An individual who is authorized to act on behalf of a non-individual debtor, such as a corporation or partnership, must sign and submit this form for the schedules of assets and liabilities, any other document that requires a declaration that is not included in the document, and any amendments of those documents. This form must state the individual's position or relationship to the debtor, the identity of the document, and the date. Bankruptcy Rules 1008 and 9011.

WARNING -- Bankruptcy fraud is a serious crime. Making a false statement, concealing property, or obtaining money or property by fraud in connection with a bankruptcy case can result in fines up to $500,000 or imprisonment for up to 20 years, or both. 18 U.S.C. §§ 152, 1341, 1519, and 3571.

---

### Declaration and signature

I am the president, another officer, or an authorized agent of the corporation; a member or an authorized agent of the partnership; or another individual serving as a representative of the debtor in this case.

I have examined the information in the documents checked below and I have a reasonable belief that the information is true and correct:

- ☐ *Schedule A/B: Assets–Real and Personal Property* (Official Form 206A/B)

- ☐ *Schedule D: Creditors Who Have Claims Secured by Property* (Official Form 206D)

- ☐ *Schedule E/F: Creditors Who Have Unsecured Claims* (Official Form 206E/F)

- ☐ *Schedule G: Executory Contracts and Unexpired Leases* (Official Form 206G)

- ☐ *Schedule H: Codebtors* (Official Form 206H)

- ☐ *Summary of Assets and Liabilities for Non-Individuals* (Official Form 206Sum)

- ☐ Amended *Schedule* ____

- ☐ *Chapter 11 or Chapter 9 Cases: List of Creditors Who Have the 30 Largest Unsecured Claims and Are Not Insiders* (Official Form 204)

- ☑ Other document that requires a declaration  List of Equity Security Holders

I declare under penalty of perjury that the foregoing is true and correct.

Executed on  01/28/2025               ✗  _Bryce Crocker_
             MM / DD / YYYY               Signature of individual signing on behalf of debtor
                                          DC2540A9D09F4E0...

                                          Bryce Crocker
                                          Printed name

                                          Director
                                          Position or relationship to debtor

---

Official Form 202                    Declaration Under Penalty of Perjury for Non-Individual Debtors

# IN THE UNITED STATES BANKRUPTCY COURT

## FOR THE SOUTHERN DISTRICT OF TEXAS

| | |
|---|---|
| In re: | Chapter 11 |
| JERVOIS SUOMI HOLDING OY, | Case No. 25-_____ (___) |
| Debtor. | |

## **CORPORATE OWNERSHIP STATEMENT**

Pursuant to rules 1007(a)(1) and 7007.1 of the Federal Rules of Bankruptcy Procedure, the following are corporations, other than a government unit, that directly or indirectly own 10% or more of any class of the debtor's equity interest:

| **Shareholders** | **Approximate Percentage of Shares Held** |
|---|---|
| Jervois Global Limited | 100% |

| Fill in this information to identify the case and this filing: |
| --- |

Debtor Name    Jervois Suomi Holding Oy

United States Bankruptcy Court for the:    Southern _____    District of    Texas
 (State)

Case number (*If known*):    _____

## Official Form 202

# Declaration Under Penalty of Perjury for Non-Individual Debtors    12/15

**An individual who is authorized to act on behalf of a non-individual debtor, such as a corporation or partnership, must sign and submit this form for the schedules of assets and liabilities, any other document that requires a declaration that is not included in the document, and any amendments of those documents. This form must state the individual's position or relationship to the debtor, the identity of the document, and the date. Bankruptcy Rules 1008 and 9011.**

**WARNING -- Bankruptcy fraud is a serious crime. Making a false statement, concealing property, or obtaining money or property by fraud in connection with a bankruptcy case can result in fines up to $500,000 or imprisonment for up to 20 years, or both. 18 U.S.C. §§ 152, 1341, 1519, and 3571.**

### Declaration and signature

I am the president, another officer, or an authorized agent of the corporation; a member or an authorized agent of the partnership; or another individual serving as a representative of the debtor in this case.

I have examined the information in the documents checked below and I have a reasonable belief that the information is true and correct:

- ☐ *Schedule A/B: Assets–Real and Personal Property* (Official Form 206A/B)
- ☐ *Schedule D: Creditors Who Have Claims Secured by Property* (Official Form 206D)
- ☐ *Schedule E/F: Creditors Who Have Unsecured Claims* (Official Form 206E/F)
- ☐ *Schedule G: Executory Contracts and Unexpired Leases* (Official Form 206G)
- ☐ *Schedule H: Codebtors* (Official Form 206H)
- ☐ *Summary of Assets and Liabilities for Non-Individuals* (Official Form 206Sum)
- ☐ Amended *Schedule* ____
- ☐ *Chapter 11 or Chapter 9 Cases: List of Creditors Who Have the 30 Largest Unsecured Claims and Are Not Insiders* (Official Form 204)
- ☑ Other document that requires a declaration    Corporate Ownership Statement

I declare under penalty of perjury that the foregoing is true and correct.

Executed on    01/28/2025                    ✗ _____Bryce Crocker_____
 MM / DD / YYYY                                 Signature of individual signing on behalf of debtor

                                                Bryce Crocker
                                                Printed name

                                                Director
                                                Position or relationship to debtor

*Execution Version*

# UNANIMOUS WRITTEN CONSENT OF THE DIRECTORS OF
# JERVOIS SUOMI HOLDING OY
### (the "Company")

### January 28, 2025

       The undersigned, being all the directors of the Company (the "<u>Board</u>"), do hereby consent to, adopt and approve the following resolutions by written consent and each and every action effected thereby with the same force and effect as if they had been adopted at a duly convened meeting of the Company:

       **WHEREAS**, the Board has considered certain materials presented by, or on behalf of, the Company's management ("<u>Management</u>") and financial and legal advisors (collectively, the "<u>Advisors</u>"), including, but not limited to, materials regarding the liabilities, obligations, and liquidity of the Company, the strategic alternatives available to the Company, and the impact of the foregoing on the Company's business;

       **WHEREAS**, the Company, in consultation with the Advisors, has determined that it is in the best interest of the Company to enter into that certain *Restructuring Support Agreement*, dated December 31, 2024 (as amended, supplemented, or otherwise modified from time to time, the "<u>RSA</u>"), which contemplates certain restructuring transactions to be effectuated pursuant to chapter 11 cases of the Company and its debtor affiliates (the "<u>Bankruptcy Cases</u>") to be filed in the United States Bankruptcy Court for the Southern District of Texas (the "<u>Bankruptcy Court</u>");

       **WHEREAS**, the Company, in consultation with the Advisors, has determined that it is in the best interest of the Company to amend the RSA to reflect modifications and revisions to the transactions negotiated therein;

       **WHEREAS**, pursuant to the RSA, the Company intends to pursue the Bankruptcy Cases in a value-maximizing and effective fashion, and to file all pleadings or documents, including a chapter 11 plan (the "<u>Plan</u>") and a related disclosure statement (the "<u>Disclosure Statement</u>"), that may be required to effectively resolve the Bankruptcy Cases;

       **WHEREAS**, the Board has reviewed and considered one or more presentations by Management and the Advisors regarding the advantages and disadvantages of filing a voluntary petition for relief (the "<u>Bankruptcy Petition</u>") pursuant to chapter 11 of title 11 of the United States Code, 11 U.S.C. § 101 et seq. (as amended, the "<u>Bankruptcy Code</u>");

       **WHEREAS**, the Board has had adequate opportunity to consult with its Management and the Advisors regarding the materials presented, to obtain additional information, and to fully consider each of the strategic alternatives available to the Company;

       **WHEREAS**, the Board has determined, in the judgment of the Board, that the following resolutions are advisable and in the best interests of the Company, its interest holders, its subsidiaries, its creditors, and other parties in interest; and

       **WHEREAS**, the Board has considered its fiduciary duties under applicable law in exercising its powers and discharging its duties, to act honestly and in good faith with a view to

the best interests of the Company as a whole, and to exercise the care, diligence, and skill that a reasonably prudent person would exercise in comparable circumstances.

## 1. AMENDMENT TO RSA.

**NOW, THEREFORE, BE IT RESOLVED**, that the RSA be and hereby is amended on terms and conditions substantially similar to the form attached hereto as <u>Exhibit A</u> (the "<u>Amended RSA</u>"), and that the Company amending the RSA would benefit the Company; and

**RESOLVED FURTHER**, (i) the forms, terms and provisions of the Amended RSA, and all the exhibits annexed thereto, (ii) the execution, delivery, and performance thereof, and (iii) the consummation of the transactions contemplated thereunder by the Company are hereby authorized, approved, and declared advisable and in the best interest of the Company, with such changes therein and additions thereto as any director or duly appointed officer of the Company, each acting individually and with full power of substitution (each, an "<u>Authorized Person</u>" and, together with any persons to whom such persons delegate certain responsibilities, collectively, the "<u>Authorized Persons</u>") executing the same may, in such Authorized Person's discretion, deem necessary or appropriate, it being acknowledged that the execution of the Amended RSA and such other documents, agreements, instructions and certificates as may be required or contemplated by the Amended RSA, as applicable, shall be conclusive evidence of the approval thereof.

## 2. VOLUNTARY PETITION FOR RELIEF UNDER APPLICABLE BANKRUPTCY LAW AND SEEKING NECESSARY RELIEF.

**RESOLVED**, that, in the judgment of the Board, it is desirable and in the best interests of the Company, its interest holders, subsidiaries, creditors, and other parties in interest, that the Company shall be, and hereby is, in all respects authorized to file, or cause to be filed, the Bankruptcy Petition under the provisions of chapter 11 of the Bankruptcy Code (the "<u>Restructuring Matters</u>") in the Bankruptcy Court for the Company; and, in accordance with the requirements of the Company's governing documents and applicable law, hereby consents to, authorizes, and approves, the filing of the Bankruptcy Petition; and

**RESOLVED FURTHER,** that each Authorized Person be, and hereby is, authorized to execute and file on behalf of the Company all petitions, schedules, lists, and other motions, papers, or documents, including the Plan and Disclosure Statement (and are authorized to finalize the documents on terms substantially similar to the forms presented to the Board), and to take any and all action that such Authorized Person deems necessary or proper to obtain such relief, including, but not limited to, any action necessary or proper to maintain the ordinary course operations of the Company.

## 3. RETENTION OF PROFESSIONALS.

**RESOLVED**, that each of the Authorized Persons, acting individually and with full power of substitution, be, and hereby is, authorized, empowered and directed to employ the following professionals on behalf of the Company: (i) the law firm of Sidley Austin LLP, as general restructuring counsel; (ii)  Moelis & Company, as investment banker; (iii) FTI Consulting,

Inc., as restructuring advisor; (iv) Stretto, Inc., as claims, noticing, and solicitation agent; (v) Pricewaterhouse Coopers International Limited, as tax advisor; and (vi) any other legal counsel, accountants, financial advisors, restructuring advisors, or other professionals such Authorized Person deems necessary, appropriate, or advisable; each to represent and assist the Company in carrying out its duties and responsibilities and exercising its rights under the Bankruptcy Code and any applicable law (including, but not limited to, the law firms filing any pleadings or responses) and to take any and all actions to advance the rights and obligations of the Company, including filing any motions, objections, replies, applications, or pleadings; and in connection therewith, each of the Authorized Persons be, and hereby is, authorized, empowered, and directed, in accordance with the terms and conditions hereof, to execute appropriate retention agreements, pay appropriate retainers, and to cause to be filed appropriate applications for authority to retain such services.

## 4. FURTHER ACTIONS AND PRIOR ACTIONS.

**RESOLVED**, that in addition to the specific authorizations heretofore conferred upon the Authorized Persons, the Authorized Persons, either individually or as otherwise required by the Company's governing documents and applicable law, be, and each of them hereby is, authorized to execute (under hand or under the common seal of the Company if appropriate), acknowledge, deliver, and file any and all agreements, certificates, instruments, powers of attorney, letters, forms, transfers, deeds and other documents on behalf of the Company relating to the Bankruptcy Cases;

**RESOLVED FURTHER**, that each of the Authorized Persons, each acting individually and with full power of substitution be, and hereby is, authorized, empowered, and directed to execute and file all petitions, schedules, motions, lists, applications, pleadings, and other papers, and to perform such further actions and execute such further documentation that such Authorized Person in their absolute discretion deems necessary, appropriate, or desirable in accordance with these resolutions;

**RESOLVED FURTHER**, that, in addition to the specific authorizations heretofore conferred upon the Authorized Persons, the Authorized Persons, either individually or as otherwise required by the Company's governing documents and applicable law, be, and each of them hereby is, authorized to take any and all such other and further actions, and to do all such other deeds and other things as the Company itself may lawfully do, in accordance with its governing documents and applicable law, including but not limited to, the negotiation, finalization, execution, acknowledgement, delivery, and filing of any and all agreements, certificates, instruments, powers of attorney, letters, forms, transfer, deeds, and other documents on behalf of the Company, and the payment of all expenses, including but not limited to filing fees, in each case as such Authorized Person or Authorized Persons may, in his/her/its/their absolute and unfettered discretion approve, deem or determine necessary, appropriate, advisable, or desirable in order to fully carry out the intent and accomplish the purposes of the resolutions adopted herein; such approval, deeming, or determination to be conclusively evidenced by said individual taking such action or the execution thereof;

**RESOLVED FURTHER**, that the Board has received sufficient notice of the actions and transactions relating to the matters contemplated by the foregoing resolutions, as may

3

be required by the governing documents of the Company, or hereby waives any right to have received such notice; and

        **RESOLVED FURTHER**, that all acts, actions, and transactions relating to the matters contemplated by the foregoing resolutions done in the name of and on behalf of the Company, which acts would have been approved by the foregoing resolutions except that such acts were taken before the adoption of these resolutions, are hereby in all respects approved, confirmed and ratified as the true acts and deeds of the Company with the same force and effect as if each such act, transaction, agreement, or certificate had been specifically authorized in advance by resolution of the Board.

*    *    *    *

        This resolution may be executed in two or more counterparts, each of which shall be deemed an original and together constitute one and the same resolution. The words "execution," "signed," "signature," and words of like import herein shall be deemed to include electronic signatures or the keeping of records in electronic form, each of which shall be of the same legal effect, validity or enforceability as a manually executed signature or the use of a paper based recordkeeping system, as the case may be, to the extent and as provided for in any applicable law.

**IN WITNESS WHEREOF**, the undersigned, being all the directors of the Company, have executed this unanimous written consent in one or more counterparts, each of which shall be deemed to be one and the same instrument, as of the date first set forth above.

Name: Bryce Crocker

Title: Director

Name: Sami Kallioinen

Title: Director

Name: Kenneth Klassen

Title: Director

**JERVOIS SUOMI HOLDING OY**
**Y-tunnus / Business identity code: 3208692-9**

___/2025

**AINOAN OSAKKEENOMISTAJAN KIRJALLINEN PÄÄTÖS**
*WRITTEN RESOLUTION OF SOLE SHAREHOLDER*

Päivä / *Date*          __.1.2025 / __ *January 2025*

*Per capsulam*

|  | Osakkeita *Shares* | Ääniä *Votes* |
|---|---|---|
| Jervois Global Limited edustajanaan / *represented by* | 2 500 | 2 500 |
| Bryce Crocker and Alwyn Davey | | |
| Yhteensä / *Total* | 2 500 | 2 500 |

Pöytäkirja yhtiön ainoan osakkeenomistajan __.1.2025 tekemistä päätöksistä osakeyhtiölain (624/2006, muutoksineen) 5 luvun 1 §:n mukaisesti.

*Minutes recording the resolutions made by the sole shareholder of the company on __ January 2025 in accordance with chapter 5, section 1 of the Finnish Limited Liability Companies Act (624/2006, as amended).*

**1      HALLITUKSEN PÄÄTÖSTEN VAHVISTAMINEN**
        ***CONFIRMATION OF BOARD RESOLUTIONS***

Päätettiin hyväksyä ja vahvistaa kaikki yhtiön hallituksen 24.1.2025 päivätyssä pöytäkirjassa (Liite 1) tekemät päätökset yhtiötä sitoviksi, mukaan lukien kaikki toimet, joita Rahoitusdokumentit (kuten määritelty hallituksen pöytäkirjassa) edellyttävät sekä pöytäkirjassa määriteltyjen vakuuksien ja takauksien vahvistamisen.

*It was resolved to approve and confirm all resolutions made by the Board of Directors of the company as stated in the minutes dated 24 January 2025 (Appendix 1) to bind the company, including any steps/actions to be taken pursuant to the Finance Documents (as defined therein) and the confirming of the securities and guarantees specified in the minutes.*

**2      PÖYTÄKIRJAN KIELI**
        ***LANGUAGE OF THE MINUTES***

Tämä pöytäkirja on laadittu englannin- ja suomenkielisenä. Jos erikielisten versioiden välillä on eroavaisuuksia, pidetään ratkaisevana suomenkielistä versiota.

*These minutes have been drafted in English and Finnish. Where discrepancies exist between the English and the Finnish versions, the Finnish version shall prevail.*

———————————————————

[Allekirjoitukset seuraavalla sivulla / S*ignatures on the following page*]

**Vakuudeksi**
*In fidem*

**JERVOIS GLOBAL LIMITED**

Bryce Crocker                Alwyn Davey

**LIITE 1**        Hallituksen päätös 24.1.2025
***APPENDIX 1***    *Board meeting minutes 24 January 2025*

*[Signature page - Shareholder resolution - Jervois Suomi Holding Oy]*

**JERVOIS SUOMI HOLDING OY**

**Y-tunnus / Business identity code: 3208692-9**

___/2025

**HALLITUKSEN KOKOUS**
*MEETING OF THE BOARD OF DIRECTORS*

| | |
|---|---|
| **Aika / *Date*** | 24.1.2025 / 24 *January 2025* |
| **Paikka / *Place*** | Puhelinkokous / *Telephone meeting* |
| **Läsnä / *Present*** | Bryce Crocker, hallituksen puheenjohtaja / *chairperson of the Board of Directors* |
| | Sami Kallioinen, hallituksen jäsen / *member of the Board of Directors* |
| | Kenneth Klassen, hallituksen jäsen / *member of the Board of Directors* |

**1      KOKOUKSEN PUHEENJOHTAJA JA SIHTEERI**
         *CHAIRPERSON AND SECRETARY OF THE MEETING*

Bryce Crocker avasi kokouksen ja toimi kokouksen puheenjohtajana. Sihteeriksi valittiin Sami Kallioinen.

*Bryce Crocker opened the meeting and acted as the chairperson of the meeting. Sami Kallioinen was elected as the secretary.*

**2      LAILLISUUS JA PÄÄTÖSVALTAISUUS**
         *LEGALITY AND QUORUM*

Todettiin, että kokous oli laillinen ja päätösvaltainen, sillä kaikki hallituksen jäsenet olivat läsnä. Päätettiin, että puheenjohtaja ja sihteeri allekirjoittavat pöytäkirjan, joka katsotaan samalla tarkastetuksi ja hyväksytyksi.

*It was noted that the meeting was legally convened and constituted a quorum as all the members of the Board of Directors were present. It was resolved that the chairperson and the secretary shall sign the minutes of the meeting, which shall then be deemed to be scrutinised and approved.*

**3      HALLITUKSEN JÄSENTEN EDUT**
         *INTERESTS OF THE MEMBERS OF THE BOARD OF DIRECTORS*

Hallituksen jäsenet selvittivät kaikki välittömät ja välilliset etunsa liittyen tämän pöytäkirjan mukaisiin päätöksiin ja järjestelyihin.

Todettiin, että hallituksen jäsenten edut eivät ole sellaisia, jotka osakeyhtiölain (624/2006, muutoksineen) (**"Osakeyhtiölaki"**) 6 luvun 4 §:n mukaan estäisivät heitä käsittelemästä tai päättämästä tämän pöytäkirjan mukaisia asioita.

*The members of the Board of Directors cleared all direct and indirect personal interests regarding the resolutions and transactions set out in these minutes.*

*It was noted that interests of the members of the Board of Directors were not of such kind that chapter 6, section 4 of the Finnish Companies Act (624/2006, as amended) ("**Companies Act**") would prevent them from handling and resolving matters set out herein.*

**4**      **RAHOITUSJÄRJESTELYT**
          *FINANCING ARRANGEMENTS*

**4.1**    **Tausta**
          *Background*

Todettiin, että muun muassa yhtiö lainanottajana ja takaajana ja alun perin Mercuria Energy Trading S.A. ("**Mercuria**") lainananantajana, agenttina ja vakuusagenttina ovat 28.10.2021 solmineet USD 150.000.000 suuruisen vakuudellisen luottolimiittisopimuksen (kuten muutettu ja/tai uudistettu aika ajoin) ("**Lainasopimus**"). Todettiin, että Millstreet Credit Fund LP ("**Millstreet**") on hankkinut Mercurian Lainasopimuksen mukaisen lainaosuuden, ja että Acquiom Agency Services Limited ("**Acquiom**") on korvannut Mercurian Lainasopimuksen mukaisena agenttina ja vakuusagenttina.

Todettiin lisäksi, että yhtiön konserniyhtiö Jervois Mining USA Limited on 6.7.2021 päivättyjen joukkovelkakirjan ehtojen (kuten muutettu) ("**Joukkovelkakirjan Ehdot**") mukaisesti laskenut liikkeeseen USD 100,000,000 suuruisen vakuudellisen joukkovelkakirjalainan ("**ICO-Joukkovelkakirja**"), ja että Millstreet on yksi ICO-Joukkovelkakirjan haltijoista. Todettiin selvyyden vuoksi, että (i) muun muassa yhtiön Lainasopimuksen johdosta antamat vakuudet on jälkipantattu Nordic Trustee AS:lle (agenttina ICO-Joukkovelkakirjan haltijoiden edustaja) ("**Nordic Trustee**") kattamaan myös ICO-Joukkovelkakirjan vakuudelliset vastuut (Secured Obligations, kuten määritelty Joukkovelkakirjan Ehdoissa); ja (ii) yhtiö on antanut Nordic Trusteen hyväksi takauksen ICO-Joukkovelkakirjan vakuudellisten vastuiden vakuudeksi (Secured Obligations, kuten määritelty Joukkovelkakirjan Ehdoissa).

Todettiin lisäksi, että muun muassa yhtiö, Jervois Global Limited, muut velalliset (Obligors, kuten määritelty Lainasopimuksessa) ja tietyt Jervois Global Limitedin suorat ja epäsuorat tytäryhtiöt ovat jättäneet tai tulevat jättämään vapaaehtoisen hakemuksen Yhdysvaltain konkurssilain ("**Konkurssilaki**") 11 luvun mukaisesti Yhdysvaltain Texasin eteläisen piirikunnan Houstonin osaston konkurssituomioistuimessa ("**Konkurssituomioistuin**") ja jatkavat omaisuutensa hallintaa ja liiketoimintansa hoitamista Konkurssilain 11 luvun 1107 ja 1108 pykälien mukaisesti debtors-in-possession -asemassa ("**Chapter 11 -menettelyt**").

Todettiin lisäksi, että yhtiö saa tiettyjä etuja, jotka ovat välttämättömiä tai hyödyllisiä yhtiön liiketoiminnan harjoittamisen, edistämisen, ylläpitämiseen ja toteutumisen kannalta, käyttämällä soveltuvin osin vakuuksia, mukaan lukien Konkurssilain 363(a) pykälässä määritelly "cash collateral" ("Käteisvakuus"), jotka ovat vakuutena mahdollisille ennen hakemuksen jättämistä oleville vakuudellisille lainananantajille ja vakuudelliselle agentille (niin sanotut "prepetition secured lenders" ja "prepetition secured agent").

Todettiin lisäksi, että yhtiö on antanut tiettyjä takauksia ja vakuuksia rahoitussopimusten (*Finance Documents*, kuten määritelty Muutetussa Lainasopimuksessa, joka määritelty myöhemmin) mukaisesti. Käyttääkseen ja saadakseen DIP-Fasiliteetin (kuten määritelty jäljempänä) ja Käteisvakuuden edut ja Konkurssilain 363 pykälän mukaisesti yhtiö myöntää ja sallii tiettyjen panttioikeuksien ja muiden vakuusoikeuksien perfektoinnin Vakuudellisten Osapuolten (Secured Parties, kuten määritelty Muutetussa Lainasopimuksessa) hyväksi, ehdotetun DIP-määräyksen mukaisesti dokumentoidusti (väliaikainen DIP-määräys ja/tai lopullinen DIP -määräys) ("**DIP-määräys**"), joka jätetään Konkurssituomioistuimen käsiteltäväksi. Panttioikeuksilla ja muilla vakuusoikeuksilla on tarkoitus olla DIP-määräyksen mukainen ylempi etuoikeus.

Todettiin lisäksi, että yhtiö on neuvotellut Millstreetin kanssa muun muassa senior secured super-priority priming debtor-in-possession term loan credit -fasiliteetin ("**DIP-Fasiliteetti**") perustamisesta, joka koostuu new money delayed draw term loan -fasiliteetista ja roll-up -fasiliteetista, joista jälkimmäinen perustetaan, kuten DIP Lainasopimuksessa (kuten määritelty alla) määrätään ja Konkurssituomioistuin on antanut väliaikaismääräyksen, jolla DIP-Fasiliteetti hyväksytään.

*It was noted that, among others, the company as borrower and guarantor and originally Mercuria Energy Trading S.A. ("**Mercuria**") as lender, agent and security agent have entered into a USD 150,000,000 secured revolving credit facility agreement on 28 October 2021 (as amended and/or restated from time to time) (the "**Facility Agreement**"). It was noted that Millstreet Credit Fund LP ("**Millstreet**") has acquired Mercuria's commitment under the Facility Agreement, and that Acquiom Agency Services Limited ("**Acquiom**") has replaced Mercuria as agent and security agent under the Facility Agreement.*

*It was further noted that the company's group company Jervois Mining USA Limited has issued USD 100,000,000 secured bonds (the "**ICO Bonds**") pursuant to the bond terms dated 6 July 2021 (as amended) (the "**Bond Terms**") and that Millstreet is one of the holders of the ICO Bonds. It was noted, for the sake of clarity, that (i) the securities granted by, among others, the company under the Facility Agreement has been extended to cover the Secured Obligations (as defined in the Bond Terms) on a second lien basis for the benefit of Nordic Trustee AS as bond trustee for the bondholders (the "**Bond Trustee**") and (ii) the company has granted a guarantee in favour of the Bond Trustee in respect of the Secured Obligations (as defined the Bond Terms).*

*It was further noted that, among others, the company, Jervois Global Limited, the other Obligors (as defined in the Facility Agreement) and certain direct and indirect subsidiaries of Jervois Global Limited have filed or will file voluntary petitions under Chapter 11 of the United States bankruptcy code (the "**Bankruptcy Code**") in the United States Bankruptcy Court for the Southern District of Texas, Houston Division (the "**Bankruptcy Court**") and, continue in the possession of their assets and management of their business pursuant to Sections 1107 and 1108 of the Bankruptcy Code as debtors-in-possession ("**Chapter 11 Cases**").*

*It was further noted that the company will obtain certain benefits, as necessary or convenient to the conduct, promotion, maintenance and attainment of the business of the company, from the use of collateral, including cash collateral, as that term is defined in*

*section 363(a) of the Bankruptcy Code (the "**Cash Collateral**"), to the extent applicable, which is security for prepetition secured lenders and the prepetition secured agent, if any.*

*It was further noted that the company has previously created or given certain guarantees and security pursuant to the Finance Documents (as defined in the Amended Facility Agreement, as defined below). In order to use and obtain the benefits of the DIP Facility (as defined below) and any Cash Collateral, and in accordance with section 363 of the Bankruptcy Code, the company will grant and allow perfection of certain liens and other security interests in favor of and for the benefit of the Secured Parties (as defined in the Amended Facility Agreement), as documented in a proposed interim order (interim DIP Order and/or final DIP order) (the "**DIP Order**") to be filed with the Bankruptcy Court. The liens and other security interests are intended to have a superpriority ranking as per the DIP Order.*

*It was further noted that the company has negotiated with Millstreet to, among others, implement a senior secured super-priority priming debtor-in-possession term loan credit facility (the "**DIP Facility**"), consisting of a new money delayed draw term loan facility and a roll-up facility, the latter to be established as set forth in the DIP Credit Agreement (as defined below) and entry of the interim order by the Bankruptcy Court authorizing the DIP Facility.*

**4.2**   **Rahoitusdokumentit**
*Finance documents*

Todettiin, että DIP-Fasiliteetti perustetaan muun muassa yhtiön lainanottajana ja takaajana, Millstreetin and QIF Fund Plc - Mercer Investment Fund 1:n lainanantajina ja Acquiomin agenttina välisellä muutos- ja uudistamissopimuksella, jolla Lainasopimusta muutetaan ja uudistetaan ("**Muutettu Lainasopimus**", samalla "**DIP Lainasopimus**") ("**Muutos- ja uudistamissopimus**"). DIP-Fasiliteetilla rahoitetaan yrityskonsernin toimintaa Chapter 11 -menettelyjen aikana sekä Chapter 11 -menettelyihin liittyviä hallinnollisia kuluja.

Todettiin lisäksi, Muutos- ja uudistamissopimuksen ehtojen mukaisesti, että kaikki yhtiön rahoitussopimusten (*Finance Documents*, kuten määritelty Muutetussa Lainasopimuksessa), alla antamat vakuudet ja takaukset säilyvät voimassa ja kattavat myös Muutetun Lainasopimuksen mukaiset velvoitteet.

Muutos- ja uudistamissopimuksen mukaisesti yhtiön tulee solmia seuraavat sopimukset ja asiakirjat:

*It was noted that the DIP Facility will be implemented pursuant to an amendment and restatement agreement between, among others, the company as borrower and guarantor, Millstreet and QIF Fund Plc - Mercer Investment Fund 1 as lenders and Acquiom as agent pursuant to which the Facility Agreement will be amended and restated (the amended and restated Facility Agreement, the "**Amended Facility Agreement**", also the "**DIP Credit Agreement**") (the "**Amendment and Restatement Agreement**"). The DIP Facility will fund the company group's operations during the Chapter 11 Cases and the administrative costs associated with the Chapter 11 Cases.*

*It was further noted that in accordance with the terms of the Amendment and Restatement Agreement, any security or guarantee created or given by the company pursuant to the Finance Documents (as defined in the Amended Facility Agreement) will continue in full force and effect and will extend to liabilities and obligations of the obligors under the Amended Facility Agreement.*

*Pursuant to the terms of the Amendment and Restatement Agreement, the company shall enter into the following agreements and documents:*

(a)   Englannin lain alainen täydentävä panttaussopimus, jossa muun muassa yhtiö on pantinantajana ja Acquiom vakuusagenttina; ja

*an English law governed supplemental security assignment agreement between, among others, the company as pledgor and Acquiom as security agent; and*

(b)   Japanin lain alainen ratifiointivahvistus ja suostumus.

*a Japanese law governed acknowledgment of ratification and consent.*

Muutos- ja uudistamissopimukseen (jonka liitteenä on Muutettu Lainasopimus) sekä yllä kohdissa (a)–(b) listattuihin asiakirjoihin viitataan yhdessä termillä **"Rahoitusdokumentit"**, joiden viimeisimmät luonnokset on esitetty kullekin hallituksen jäsenelle ennen tässä kokouksessa tehtäviä päätöksiä.

*The Amendment and Restatement Agreement (to which the Amended Facility Agreement is appended) and the documents listed in items (a)–(b) above are together referred to as the **"Finance Documents"**, the latest drafts of which have been presented to each member of the Board Directors prior to making the resolutions set out herein.*

**4.3**   **Yhtiön etu**
*Corporate Benefit*

Hallitus arvioi edellä kuvatun rahoitusjärjestelyn ehtoja ja luonnetta sekä sen liiketaloudellisia vaikutuksia, erityisesti Rahoitusdokumenttien perusteella vahvistettavien takauksien ja vakuuksien laajuutta.

Hallituksen harkinnan jälkeen todettiin, hallitusten jäsenten parhaaseen tietämykseen ja arviointiin perustuen, että yhtiön Rahoitusdokumenttien mukaiset sitoumukset tulevat hyödyttämään yhtiötä joko suoraan tai välillisesti, ja että näiden sopimusten ja sitoumusten tekeminen, niiden ehdot ja rajoitukset huomioon ottaen, on yhtiön edun mukaista ja liiketaloudellisesti perusteltua. Lisäksi todettiin, että yhtiö on maksukykyinen eikä Rahoitusdokumenttien mukaisten sopimusten ja asiakirjojen tekeminen aiheuta vaaraa yhtiön maksukyvyttömyydestä.

Hallituksen jäsenet arvioivat, että Chapter 11 -menettelyssä sovelletaan automaattista lykkäystä, jonka mukaan yksikään Chapter 11 -menettelyn kohteena olevaan yhtiöön kohdistuvien saatavien tai osuuksien haltija ei voi käyttää täytäntöönpano-oikeuksia yhtiötä vastaan (rajoitettuja poikkeuksia lukuun ottamatta). Chapter 11 -menettelyssä toteutetaan useita rakenneuudistustoimenpiteitä, jotka yhdessä muun muassa vähentävät yrityksen taseen velkaantuneisuutta ja mahdollistavat yhtiön toiminnan jatkumisen.

*The members of the Board of Directors considered the terms and nature of the financing arrangements contemplated above and financial effects to be incurred by the company therefrom having regard, in particular, to the scope and extent of the guarantee and security interests to be confirmed by the company under the Finance Documents.*

*After due consideration the Board of Directors concluded, according to their best knowledge and assessment of the arrangement as a whole, that the company's undertakings under the Finance Documents shall benefit the company either directly or indirectly and entering into these agreements and documents and transactions contemplated thereby, taking into account the terms and limitations set out therein, is in the best interest of the company and is financially justified. It was further noted that the company has been verified to be solvent and entering into the Finance Documents does not cause a risk of the company's insolvency.*

*The members of the Board of Directors considered that the Chapter 11 Cases impose an automatic stay such that no holder of claims against or interests in the company, which is one of the Chapter 11 filing entity, may exercise enforcement rights against the company (with limited exceptions). The chapter 11 Cases will effectuate a number of restructuring transactions which collectively will deleverage the company's balance sheet and enable the company to continue as a going concern.*

**4.4**      **Päätökset**
*Resolutions*

Edellä esitetyn perusteella päätettiin:

*Based on the above considerations, it was resolved to:*

(a)      hyväksyä Rahoitusdokumenttien ehdot ja niiden mukaiset järjestelyt, erityisesti yhtiön antamat vakuus- ja takausvahvistukset, olennaisesti hallitukselle esitettyjen viimeisimpien luonnosten mukaisessa muodossa sekä hyväksyä DIP-määräys, sen toteuttaminen ja kaikki muut mahdolliset DIP-määräykseen liitännäiset ehdot ja sen mukaiset järjestelyt;

     *approve the terms of, and the transactions contemplated by, the Finance Documents, in particular, the confirmation on security by the company and provision of guarantees thereunder, substantially with the terms set out in the latest drafts presented to the members of the Board of Directors as well as approve the terms of, the implementation and the transactions contemplated by the DIP Order and any other document relating to the DIP Order;*

(b)      tehdä, allekirjoittaa, suorittaa, toimittaa ja toteuttaa Rahoitusdokumentit ja kaikki muut Rahoitusdokumentteihin liittyvät tai niiden perusteella tarvittavat sopimukset, asiakirjat ja ilmoitukset sisältäen, mutta ei rajoittuen dokumentteihin, jotka liittyvät DIP-määräykseen kuten mahdolliset vakuus-, panttaus tai takaussopimukset; ja

     *enter into, sign, execute, deliver and perform the Finance Documents and any other agreements, documents and notices which the company may need to execute in connection with or pursuant to the Finance Documents including but not limited to*

*any documents relating to the DIP Order for example any security and pledge agreement or guaranty agreement; and*

(c)  valtuuttaa Bryce Crocker, Kenneth Klassen ja Sami Kallioinen tai kenen tahansa heistä määräämä henkilö, kukin yksin yhtiön puolesta:

*authorise Bryce Crocker, Kenneth Klassen and Sami Kallioinen or any person nominated by any of them, each individually on behalf of the company, to:*

(i)  neuvottelemaan, viimeistelemään ja allekirjoittamaan Rahoitusdokumentit, mukaan lukien DIP-määräykseen liittyvät asiakirjat, ja hyväksymään kaikki tarvittavat muutokset ja lisäykset (parhaaksi katsomallaan tavalla);

*negotiate, finalise and sign the Finance Documents, including documents relating to the DIP Order, and to approve all necessary changes and amendments thereto (as deemed appropriate);*

(ii)  neuvottelemaan, hyväksymään, panemaan täytäntöön, allekirjoittamaan ja/tai toimittamaan kaikki Rahoitusdokumenttien perusteella tai niiden täytäntöön panemiseksi tarvittavat sopimukset, asiakirjat, pyynnöt, sertifikaatit, instrumentit, tositteet, kirjeet, tallenteet, hakemukset, vetoomukset, ilmoitukset, aloitteet, valtakirjat ja/tai mitkä tahansa muut paperit tai asiakirjat, mukaan lukien näihin liittyvät nostoilmoitukset, sertifikaatit, palkkiokirjeet, prosessiagenttien nimeämiskirjeet, funds flow -asiakirja sekä kaikki siihen liittyvät maksumääräykset;

(iii)  *negotiate, approve, execute, sign and/or deliver all other agreements, documents, requests, certificates, instruments, receipts, letters, power of attorneys, recordings, filings, petitions, motions, notices, and/or any other papers or documents which are necessary pursuant to, or for the execution of, the Finance Documents or the DIP Order, including but not limited to any utilisation requests, director's/formalities certificates and/or compliance certificates, fee letters and side letters, process agent appointment letters funds flow statements and all payment orders related thereto;*

(iv)  jättää tai valtuuttaa DIP Facilityn mukaisen vakuusasiamiehen ("**DIP-agentti**") jättämään yhtiön nimissä mitä tahansa Uniform Commercial Code ("**UCC**") rahoituslausuntoja, muita vastaavia asiakirjoja, immateriaalioikeuksia koskevia asiakirjoja ja niiden rekisteröintiä sekä tarvittavia vakuuksien siirtoja tai muita asiakirjoja, joita DIP-agentti pitää tarpeellisena tai asianmukaisina DIP-määräyksen nojalla myönnetyn panttioikeuden tai vakuusoikeuden toteuttamiseksi, mukaan lukien kaikki UCC rahoituslausunnot, kuten "all assets", "all property now or hereafter acquired", ja muut samankaltaiset kuvaukset, ja suorittamaan ja toimittamaan sekä kirjaamaan tai sallimaan yhtiön kiinteään omaisuuteen kohdistuvat kiinnitykset ja kauppakirjat sekä muut yhtiön immateriaalioikeuksiin ja muuhun omaisuuteen kohdistuvat asiakirjat, joita DIP-agentti voi kussakin tapauksessa kohtuudella vaatia DIP-agentin DIP-määräyksen mukaisten vakuusoikeuksien toteuttamiseksi;

*file or to authorise the collateral agent (the **"DIP Agent"**) under the DIP Facility to file any Uniform Commercial Code (the **"UCC"**) financing statements, any other equivalent filings, any intellectual property filings and recordation, and any necessary assignments for security or other documents in the name of the company that the DIP Agent deems necessary or appropriate to perfect any lien or security interest granted under the DIP Order, including any such UCC financing statement containing a generic description of collateral, such as "all assets", "all property now or hereafter acquired", and any other similar descriptions of like import, and to execute and deliver, and to record or authorise the recording of, such mortgages and deeds of trust in respect of real property of the company and such other filings in respect of intellectual and other property of the company, in each case as the DIP Agent may reasonably request to perfect the security interests of the DIP Agent under the DIP Order;*

(v)   ryhtyä kaikkiin tarvittaviin lisätoimiin, mukaan lukien mutta ei rajoittuen, maksamaan tai hyväksymään kaikki maksut ja kulut, jotka tulevat maksettavaksi DIP-määräykseen ja Muutos- ja uudistamissopimukseen (DIP-määräys ja Muutos- ja uudistamissopimus yhdessä muiden sopimusten, todistusten, asiakirjojen, ilmoitusten, tositteiden, tallenteiden, arkistointien, vetoomusten, hakemusten, esitysten tai muiden papereiden ja asiakirjojen kanssa, jossa yhtiö on tai tulee olemaan osapuolena, mukaan lukien vakuus- ja panttaussopimukset tai takaussopimukset, **"DIP-asiakirjat"**) liittyvien transaktioiden (**"DIP-transaktiot"**) nojalla sekä kaikki DIP-transaktioiden tai yllä oleviin päätöksiin liittyen yhtiölle tai yhtiön puolesta DIP-asiakirjojen ehtojen mukaisesti aiheutuneet kulut, jotka ovat heidän yksinomaisen harkintansa mukaan välttämättömiä, asianmukaisia tai suositeltavia yhtiön velvoitteiden täyttämiseksi DIP-määräyksen tai minkä tahansa muun DIP-asiakirjan ja siihen sisältyvän liiketoimen mukaisesti tai sen yhteydessä sekä muiden edellä mainittujen päätösten tarkoituksen toteuttamiseksi täysimääräisesti;

*take all such further actions, including, without limitation, to pay or approve the payment of all fees and expenses payable in connection with the transactions relating to the DIP Order and the Amendment and Restatement Agreement (the DIP Order and the Amendment and Restatement Agreement together with such other agreements, certificates, instruments, notices, receipts, recordings, filings, petitions, motions, or other papers or documents to which the company is or will be a party, including, but not limited to, any security and pledge agreement or guaranty agreement, the **"DIP Documents"**) (the **"DIP Transactions"**) and all fees and expenses incurred by or on behalf of the company in connection with the DIP Transactions and all fees and expenses incurred by or on behalf of the company in connection with the foregoing resolutions, in accordance with the terms of the DIP Documents, which shall in their sole judgement be necessary, proper, or advisable to perform the company's obligations under or in connection with the DIP Order or any of the other DIP Documents and the transactions*

*contemplated therein and to carry out fully the intent of the foregoing resolutions;*

(vi)   edustamaan yhtiötä konserniin kuuluvien yhtiöiden yhtiökokouksissa ja/tai tekemään ja allekirjoittamaan osakkeenomistajan päätöksiä sen tytäryhtiöissä; ja

*represent the company in general meetings of group companies and/or make and sign shareholder resolutions of its subsidiaries; and*

(vii)   tekemään muut mahdolliset edellä kuvatun rahoitusjärjestelyn yhteydessä edellytetyt toimenpiteet.

*take any other measures related to the above described financing arrangements.*

5   **PÖYTÄKIRJAN KIELI**
   *LANGUAGE OF THE MINUTES*

Tämä pöytäkirja on laadittu englannin- ja suomenkielisenä. Jos erikielisten versioiden välillä on eroavaisuuksia, pidetään ratkaisevana englanninkielistä versiota.

*These minutes have been drafted in English and Finnish. Where discrepancies exist between the English and the Finnish versions, the English version shall prevail.*

6   **PÄÄTÖSTEN YKSIMIELISYYS**
   *UNANIMITY OF RESOLUTIONS*

Todettiin, että kaikki päätökset tehtiin yksimielisesti.

*It was noted that all the resolutions were made unanimously.*

7   **KOKOUKSEN PÄÄTTÄMINEN**
   *CLOSING OF THE MEETING*

Koska muita asioita ei ollut, kokous päätettiin.

*There being no further business, the meeting was adjourned.*

———————————————

[Allekirjoitukset seuraavalla sivulla / *Signatures on the following page*]

**Vakuudeksi**
*In fidem*

Bryce Crocker
Kokouksen puheenjohtaja
*Chairperson of the meeting*

Sami Kallioinen
Kokouksen sihteeri
*Secretary of the meeting*

[*Signature page - Board resolution - Jervois Suomi Holding Oy*]